# Illinois Official Reports

## Appellate Court

---

**People v. Washington, 2015 IL App (1st) 131023**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH WASHINGTON, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-13-1023 |
| Filed | June 30, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-2902; the Hon. Kevin M. Sheehan, Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Benjamin A. Wolowski, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Carol L. Gaines, and Timothy A. Martin, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Neville and Liu concurred in the judgment and opinion. |

¶ 1    Following a bench trial, defendant Kenneth Washington was found guilty of possession of a controlled substance, then sentenced to 2½ years' imprisonment. On appeal, defendant contends that his cause should be remanded for consideration of his oral *pro se* posttrial claim of ineffective assistance of trial counsel under *People v. Krankel*, 102 Ill. 2d 181, 187-89 (1984).

¶ 2    The record shows that defendant was charged with possession of a controlled substance with intent to deliver on February 3, 2012. At a status hearing held prior to trial on July 2, 2012, defendant expressed his desire to obtain new counsel to replace the assistant public defender who had been appointed to represent him. The trial court gave defendant 10 days to find a new attorney and determined that the public defender would remain on the case unless and until a private attorney came in. The record indicates that on August 16, 2012, the next recorded status date, the same public defender was representing defendant, and defendant made no mention of his previously stated desire to obtain new counsel then or throughout the ensuing trial.

¶ 3    Chicago police officer Turner Goodwin testified at trial that he and his partner, Officer Clifton Turner, were on patrol in the area of 111th Street and King Drive in the morning hours of January 12, 2012, when they observed the driver of a red Saturn turn without signaling. The officers conducted a traffic stop, and defendant stepped out of the car and started walking toward the officers, who had also exited their vehicle. When Officer Goodwin asked defendant for his driver's license and proof of insurance, defendant responded that he did not have a license and that his insurance was in the glove box in his car. Officer Goodwin then handcuffed defendant and started to advise him his *Miranda* rights, but could not remember all of them, so he handed defendant over to Officer Turner and retrieved his "FOP" calendar book containing a printed version of the *Miranda* warnings so he could complete the admonitions.

¶ 4    Officer Goodwin asked defendant why he got out of his car and approached the officers, and defendant responded that he was "dirty" and had "about 12 bags of work in [his] center console," which Officer Goodwin understood to mean some type of narcotics. Officer Goodwin then approached defendant's car and observed a box of Mike and Ike candy on the center console with plastic objects sticking out of it. As he entered the car to get the insurance information out of the glove box, Officer Goodwin saw a "white rock-like substance" inside the plastic in the candy box, which, upon further examination, was shown to be 12 plastic bags containing suspected crack cocaine. Officer Goodwin recovered and inventoried the bags under inventory No. 12512306.

¶ 5    The parties then stipulated that, if called, Cathy Regan would testify that she was a forensic chemist at the Illinois State Police crime lab and received inventory No. 12512306, which contained 15 plastic bags of a rock-like substance. She would further testify that 8 of the 15 bags tested positive for cocaine and had an actual weight of 1.2 grams, and that the total estimated weight of all the items was 2.3 grams.

¶ 6    Officer Turner was then called by the defense. He testified that he was on patrol with Officer Goodwin in the morning hours of January 12, 2012, when they stopped defendant, who was driving a red Saturn in the area of 435 East 111th Street. He stayed by the side of the patrol car while defendant and Officer Goodwin had a brief conversation, but he could not hear what they were saying. After the conversation, Officer Turner watched as Officer Goodwin handcuffed defendant, then walked to the red Saturn and recovered the narcotics.

¶ 7    The trial court concluded that both of the officers had testified credibly, and it believed that defendant had made the statement that he was "dirty" and had "12 bags of work." Accordingly, the court found defendant guilty of possession of a controlled substance.

¶ 8    Defendant, through counsel, subsequently filed a motion for a new trial and an amended motion contending that the testimony of the two officers was contradictory. The court denied the motions and proceeded to sentencing, where arguments were presented in aggravation and mitigation.

¶ 9    The court then advised defendant of his right to allocution, and specifically asked him if he wished to speak to the court. This colloquy followed:

"DEFENDANT: Yes, sir. Your Honor, I would like to file a verbal motion for ineffective assistance of counsel, verbal motion, because I don't have assets [*sic*] to library.

THE COURT: All motions are required to be in writing, sir.

DEFENDANT: I didn't know that Your Honor. They took away the law library.

THE COURT: This lawyer here did a fine job for you during trial. If you want to file a motion, I will take a date and put it in writing if you want to do that. It's not up to me. I am giving you [the] right for elocution [*sic*] prior to sentence. [Defense counsel] has been anything but ineffective. However, I can't preclude you from filing the motion. You can do that.

DEFENSE COUNSEL: You can have that stamped by the Court.

DEFENDANT: You can sentence me, Your Honor.

THE COURT: Are you withdrawing that motion?

DEFENDANT: I have to then. I don't have no way–

THE COURT: You don't have to withdraw anything. You can file anything you want, but you have to file it properly like anybody else. Do you understand that?

DEFENDANT: Yes, I do, sir.

THE COURT: How do you want to proceed today?

DEFENDANT: You can go ahead, Your Honor, proceed. I will withdraw.

THE COURT: You withdraw that motion then?

DEFENDANT: Yes."

Defendant then voiced his challenge to the evidence presented by the State and the search area over which he had no control. After weighing the relevant factors in aggravation and mitigation, the court sentenced defendant to a term of 2½ years' imprisonment.

¶ 10    In this appeal, defendant does not contest the sufficiency of the evidence to sustain his conviction or the sentence imposed by the court. He solely contends that the trial court erred in failing to conduct a preliminary inquiry into his claim of ineffective assistance of counsel, as required under *Krankel*, 102 Ill. 2d at 187-89. He thus requests that his cause be remanded for the purpose of conducting such an inquiry.

¶ 11    Under *Krankel*, and its progeny, where defendant makes a *pro se* posttrial allegation of ineffective assistance of counsel, the trial court should conduct an adequate inquiry into the factual basis for the claim. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). To invoke this rule, defendant must make some allegation of ineffective assistance of counsel for the court to consider and provide some factual specificity of the reason for the allegation. *People v.*

*Cunningham*, 376 Ill. App. 3d 298, 304 (2007). The pleading requirements for raising a *pro se* claim of ineffectiveness of counsel are somewhat relaxed, but defendant must still satisfy minimum requirements to trigger a *Krankel* inquiry by the trial court. *People v. Bobo*, 375 Ill. App. 3d 966, 985 (2007). Mere awareness by a trial court that defendant has complained of counsel's representation imposes no duty on the trial court to *sua sponte* investigate defendant's complaint (*Cunningham*, 376 Ill. App. 3d at 304); however, when defendant presents a *pro se* claim of ineffective assistance, the trial court should first examine the factual basis of defendant's claim (*Moore*, 207 Ill. 2d at 77-78). We review defendant's claim *de novo*. *People v. Taylor*, 237 Ill. 2d 68, 75 (2010).

¶ 12        Defendant contends that he brought his claim of ineffective assistance of trial counsel to the trial court's attention during the sentencing phase after he was advised of his right of allocution. At that time, defendant stated that he wished to make a verbal motion claiming ineffective assistance of counsel. The court, rather than inquiring into the basis of his claim, instead told defendant that he would have to file a written motion and that he would be given time to do so. The defendant advised the court that he did not have access to the library and the court again told defendant, "All motions are required to be in writing," prompting the defendant to again state he "didn't know that Your Honor. They took away the law library." The court again told defendant, "If you want to file a motion, I will take a date and put it in writing if you want to do that. *** I can't preclude you from filing the motion." When defendant relented, the court asked if he was withdrawing the motion and defendant stated, "I have to then, I don't have no way–." After further colloquy, defendant stated he would withdraw his motion and the court proceeded to sentencing.

¶ 13        Initially, we note that the trial court erred in informing defendant that he was required to submit his claim of ineffective assistance in writing. In *People v. Patrick*, 2011 IL 111666, ¶ 29, our supreme court stated that a defendant's *pro se* ineffective assistance of counsel motion may be oral so long as it brings his claim to the trial court's attention. Here, defendant's oral statement during allocution was sufficient to bring to the trial court's attention that defendant was attempting to raise an ineffective assistance claim. The colloquy that followed, however, focused on the necessity of filing a written motion rather than on the basis for the claim, thereby failing to accomplish the very purpose of a *Krankel* inquiry.

¶ 14        The State contends that the trial court conducted an adequate *Krankel* hearing when it stated that counsel's performance was "anything but ineffective." The State cites *People v. Short*, 2014 IL App (1st) 121262, ¶ 120, for the proposition that the trial court can base its evaluation of defendant's allegations on its knowledge of defense counsel's performance at trial. The ruling in *Short*, however, is not applicable because there the defendant specifically raised a challenge to counsel's performance at trial (*id*. ¶ 60), which the court had observed, thus allowing it to make a determination of counsel's performance. Here, although defendant brought to the attention of the court the possibility of an ineffective assistance claim, defendant was not given the opportunity to tell the court what it was he was complaining about because he was cut short by the court's repeated comments that he had to put the complaint in writing. Because of the failure to conduct an inquiry into the basis of the alleged claim, there is no way of knowing whether defendant's complaint dealt with alleged ineffectiveness that occurred pretrial, during trial, posttrial or during sentencing. *Patrick*, 2011 IL 111666, ¶¶ 36-37. Thus, had the court simply asked the nature of the alleged ineffectiveness, the trial court would have been in a position to determine whether further inquiry or the appointment of counsel was

required. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003) ("when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim"). Clearly, the exchange between the court and defendant was not the type of preliminary inquiry required by *Krankel* into the underlying basis, if any, for defendant's posttrial claim. *Id*. at 79.

¶ 15 The State also argues that defendant waived this issue because he voluntarily withdrew his motion after the court advised that it would continue the matter for defendant to file his motion, and, as such, he is precluded from raising this issue on appeal. Under the doctrine of invited error, the State further argues that defendant may not proceed in one manner at trial and then contend on appeal that the course of action was erroneous. *People v. Carter*, 208 Ill. 2d 309, 319 (2003). We cannot say that defendant's withdrawal of his motion in this case comports with the notion that it was made voluntarily or that he invited error. Even a casual reading of the record shows the court erroneously informed defendant that he was required to file a written motion. In response, defendant advised the court that he could not put the claim in writing and only "withdrew" his motion when the court again emphasized that a written pleading was required. We have no doubt the trial court effectively conveyed to defendant that his motion must be written and there is equally no doubt defendant believed he could not do so. We cannot find waiver where a defendant acquiesces to an erroneous filing requirement insisted upon by the court. Under these facts, we find that the trial court erred in failing to conduct a preliminary inquiry into the factual basis for defendant's oral claim of ineffective assistance of counsel raised during the sentencing phase (*Cunningham*, 376 Ill. App. 3d at 304), and we remand the cause for the limited purpose of allowing the trial court to conduct the required preliminary investigation (*Moore*, 207 Ill. 2d at 81).

¶ 16 Remanded with directions.